# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JACK COPPINGER,

       Plaintiff,                              **CASE NO.: 3:07cv458/MCR/MD**

vs.

WAL-MART STORES, INC., *et al.*,

       Defendants.

_____/

## **PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

THIS CAUSE, came before the Court on the respective parties' joint motion and stipulation for the entry of a protective order.  The parties to this action have agreed to the entry of a protective order.  Upon consideration of the parties' stipulation, it is hereby

ORDERED and ADJUDGED:

1.    Documents or other materials produced in this case which contain or which could lead to the disclosure of confidential, financial and/or proprietary information not otherwise subject to public disclosure may be designated by the answering or producing party, or witness, as "Confidential" information, and shall thereby be deemed confidential and subject to the provisions of this protective order.

2.    If any party to this action or witness claims that any document or other material produced by such party or witness or any information contained therein is confidential, then the

party claiming confidentiality shall mark the document, and each page thereof, with a stamp identifying it as "Confidential."

3. If documents or other materials deemed confidential are filed with the Court, they shall be filed under seal and marked as follows:

CONFIDENTIAL

> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 6 OF THE PROTECTIVE ORDER.

4. Use of any information and embodiments thereof subject to this Stipulated Protective Order including all derivative information therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial or competitive purpose. However, this Stipulated Protective Order in no way operates to restrict the disclosure or use of any information which is known or becomes known through proper and legal means or sources outside of this litigation.

5. In the event that any documents or other materials previously identified as confidential are marked as exhibits or otherwise generally discussed during the taking of a deposition in this action, the exhibit, and all portions of the relevant deposition transcript in which the exhibit is discussed and/or referenced, shall immediately be deemed confidential, and therefore subject to the terms of this Stipulated Protective Order.

6. Use of any information and embodiments thereof subject to this Stipulated Protective Order, including all derivative information therefrom, shall be restricted solely to the following persons who shall be advised of the terms of this Stipulated Protective Order:[1]

---

[1] Subject to any limitations described elsewhere in this Stipulated Protective Order, including, but not limited to, the filing requirements described in paragraph 3 of this Stipulated Protective Order, disclosure may also be made to this Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and

CASE NO.: 3:07cv458/MCR/MD

    a. Counsel for any party to the above-captioned litigation, including attorneys of said counsel's law firm and all regular full-time employees of said counsel's law department or law firm including, but not limited to, paralegal assistants, and stenographic and clerical employees;

    b. Plaintiff Jack Coppinger, Defendant Elwin Jones, Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, L.P., (collectively "Wal-Mart") and employees of Wal-Mart. who are actively engaged in the preparation of this case;

    c. Deponents or witnesses in this action while their sworn testimony is elicited, or in preparation for and/or in anticipation of providing such testimony; and

    d. Expert witnesses, and their secretarial or clerical staffs, retained by either party who expect to be called as witnesses at trial, or who have been referred as non-testifying consultants.

  7. Individuals identified in paragraphs 6(a) and (b) above shall be automatically bound by the terms of this Stipulated Protective Order via the granting of this Order. Individuals identified in paragraphs 6(c) and 6(d) above must agree, either in writing, or orally if disclosure is to be made at a deposition, hearing, or trial, to be bound by the terms of this Stipulated Protective Order prior to viewing any documents or other materials deemed confidential.

  8. This Stipulated Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under Florida and federal law. Nothing in this Stipulated Protected Order shall prejudice any party from seeking amendments hereto broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to orders by the Court.

---

stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of the above-captioned action.

CASE NO.: 3:07cv458/MCR/MD

9. Within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or coincidentally with the execution of any agreement between the parties to resolve amicably and settle this case, each party herein shall return to every other party or witness all information and any copies thereof subject to this Stipulated Protected Order. This material shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

10. Each party herein reserves the right to dispute the confidential status claimed by any other party in accordance with this Stipulated Protective Order. The parties shall first try to resolve any such dispute on an informal basis and in good faith before presenting the dispute to the Court.

11. If any party believes that any information or documents have been inappropriately designated by another party or witness as subject to this Stipulated Protected Order, the party shall, in writing, inform counsel for the party claiming the protected status. The party seeking protected status under this Stipulated Protective Order shall have ten (10) business days after receipt of notice to file an appropriate motion before this Court, to be heard in chambers, and the burden shall be on the moving party to prove the necessity of inclusion within this Stipulated Protective Order.

12. This Order may be amended or terminated without leave of Court by agreement of the parties' attorneys in the form of a stipulation that shall be filed with the Court.

SO ORDERED this 7th day of May, 2008.

*s/ M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to: Counsel of Record

CASE NO.: 3:07cv458/MCR/MD